# HARRIS, Appellant, v. WILLIAMS COOPERAGE COMPANY, Respondent.

### St. Louis Court of Appeals, May 10, 1904.

1. **NEGLIGENCE: Jury Question.** Where different minds may honestly deduce different conclusions from the evidence as to whether negligence or its absence is shown, the question is properly submitted to the jury.

2. **MASTER AND SERVANT: Negligence: Jury Question: Assumption of Risk.** The plaintiff, an employee of defendant, was engaged with several other laborers under the direction of defendant's foreman in lowering a circular piece of cast-iron six or eight feet in diameter, five-eighths of an inch thick and weighing over 1,000 pounds, from its position on edge to a flat position on the floor, and the foreman, without warning, suddenly gave an order to let loose, while the edge opposite the point of contact with the floor was eighteen inches from the floor, so that all the other employees let loose and allowed the casting to fall on plaintiff and injure him before he could get away from it. *Held*, first, in an action to recover for such injuries, it was a question for the jury whether defendant was negligent in giving such order. *Held*, second, the doctrine of assumption of risk did not apply because the work in the course of performance did not indicate danger and no injury would have resulted if ordinary care had been employed by the foreman.

Appeal from Butler Circuit Court.—*Hon. J. L. Fort,* Judge.

REVERSED AND REMANDED.

*David W. Hill* for appellant.

(1) The defendant was present in the person of its foreman, John C. Early, directing and superintending the movement of the steamer base, and it is conceded by the pleadings that he made the order that caused the

injury, so that the question of whether or not the plaintiff was injured by the negligence of fellow-servants does not arise in this case. Borden v. Falk Co., 97 Mo. App. 566; Cox v. Granite Co., 39 Mo. App. 424; Hoke v. Railroad, 88 Mo. 360; Bane v. Irwin, 172 Mo. 306; Moore v. Railroad, 85 Mo. 588; Hall v. Water Co., 48 Mo. App. 356. (2) The question whether or not the servant was guilty of contributory negligence was one for the jury. Fox v. Mfg. Co., 96 Mo. App. 173; Black v. Railroad, 72 S. W. 559; Franklin v. Railroad, 97 Mo. App. 473.

*Phillips & Phillips* for respondents.

(1) The question whether or not a servant is guilty of contributory negligence is one for the jury; but, when the plaintiff's own testimony and the physical facts show that the plaintiff, if hurt at all, was hurt by his own negligence, is a question for the court. Stevens v. Railway, 67 Mo. App. 356; Church v. Railroad, 119 Mo. 253; Sindlinger v. Kansas City, 126 Mo. 315. (2) It may be stated as a proper test, to consider whether the verdict of the jury on the point, if in favor of the moving party, would have to be set aside as contrary to the weight of the evidence. Cogger v. Lansing, 64 N. Y. 417; Begley v. Rolling Mill Co., 21 Fed. 159; Pleasants v. Faust, 22 Wall. (U. S.) 116; Smith v. O'Conner, 48 Penn. St. 218; Filer v. Railway, 49 N. Y. 47. (3) A servant can not recover damages of the master for injuries received while obeying the latter's orders, if he had time to deliberate, and voluntarily and with knowledge of the peril placed himself in a position in which he was more than likely to be injured. Coombs v. Railroad, 102 Mass. 572; Sullivan v. India, 112 Mass. 596; Turner v. Railway, 74 Mo. 602; McDermott v. Railroad, 87 Mo. 285.

REYBURN, J.—From ruling of lower court granting an instruction in the nature of a demurrer to the

evidence, plaintiff has appealed. The petition contains averments to the effect that plaintiff, with other laborers under control and direction of defendant's foreman, Early, were lowering with their hands a large and very heavy iron machine known as a steamer base, and the foreman above-named, while plaintiff was partially thereunder in a perilous position, as was known or should have been known to him, carelessly and negligently without warning, ordered the other employees having hold of such appliance to turn it loose before plaintiff had time or opportunity to get entirely out from under it; that defendant had failed to provide blocks or other safeguard for such steamer base to rest upon, after it might be turned loose, to furnish which would have been the usual, customary and only safe method of doing such work; that in obedience to the orders of the foreman, the members of the gang of workmen having hold of such machine, except plaintiff, turned it loose, causing it to suddenly and violently fall to the floor before plaintiff had time or opportunity to get entirely from under; that such order was untimely, unusual and wholly unexpected, and therefore, the result of failure of the foreman to exercise ordinary care and caution, that as the foreman knew or should have known, plaintiff at the time was in such position that he could not turn loose of and get entirely from under such steamer base and in falling it caught and crushed off the end of his second finger of his left hand, and damages in consequence were averred and judgment asked.

The defenses pleaded were contributory negligence on part of plaintiff and negligence of his fellow-servants. The testimony offered was the evidence of plaintiff and two fellow-workmen by which it was disclosed, that plaintiff and several other laborers were engaged in lowering the piece of machinery called a steamer base, which had been brought into defendant's factory on a truck and placed on edge in the restoration

of its plant which had been destroyed by fire; such appliance was used for steaming barrel staves, and was rather vaguely described as a circular piece of cast-iron from six to eight feet in diameter, five-eighths of an inch in thickness, concave in shape, weighing upwards of a thousand pounds and required to be handled with care to avoid breaking. Defendant's foreman gave the order to lower it, without other warning and plaintiff's fellow-workmen got out of the way, but he was holding it at the point farthest from its contact with the floor, and was struck first thereby on the knees and finally the second finger of his left hand was mashed off; one of plaintiff's witnesses in describing the occurrence, stated it was within about eight inches of the floor when the order to let go was given, and the other testified that the foreman was at first not present, having gone to get a block to put under it, but had returned when it was about eighteen inches from the floor and gave the order to let go. As has been frequently declared, there can be no fixed or absolute rule or measurement regarding negligence, but each case must be determined by the special facts and circumstances peculiar to and attending it. The general rule, however, well established and frequently enunciated by the courts of this State as well as by courts of other States, is that where different minds may honestly deduce different conclusions from the evidence as to whether negligence or its absence is shown, the question is properly to be submitted to the jury and not for the trial court: where, however, the evidence stands uncontradicted and all reasonable men would draw the same inference therefrom, the question of negligence then becomes one for the court and an imperative instruction to the jury to find for the defendant becomes proper. The testimony in this record is both brief and unsatisfactory in picturing the positions of plaintiff and his colaborers in performing the work of lowering the unwieldly device, yet it sufficiently appears that plaintiff was at about the

extreme edge opposite the point of contact of the other side on which it was resting on the ground, and it was in course of being lowered, and from the statement of the witnesses, it had reached within at least eighteen inches of the floor, when the order to let go or "turn loose" was given, a circumstance which receives corroboration by the testimony that such pieces of machinery have to be handled with care and a fall of two or three feet would be liable to break it. The act of negligence, with which defendant was charged in the petition and in the argument in behalf of plaintiff to have been guilty, and towards which the evidence was directed, was that while plaintiff was under the steamer base, the foreman of defendant, its vice-principal, without previous warning, gave an order directing the laborers, of whom plaintiff was one, to let the device down before plaintiff had time to get away from it. Assuming as we are required to do, in passing upon the action of the lower court in sustaining the demurrer to the evidence, that the evidence and every reasonable deduction to be drawn therefrom, which tended to sustain the cause of action set forth in the petition, are true, from the facts established at the trial, the question whether plaintiff was entitled to recover should have been referred to the jury and the imperative instruction should have been denied. From the description of the occurrence, and having regard to the position occupied by plaintiff, when the order to let loose was given, common and ordinary prudence would have suggested and dictated to the foreman giving the order that some precautionary step should have been interposed to prevent the steamer base from catching the fingers of the workmen grasping it, and at least some warning should have preceded the command to let loose, so that all who were supporting the appliance could have let go simultaneously and with safety to all by avoiding independent and separate action, and averted the peril of someone or more of the workmen getting caught by the fingers under the heavy

machine. No doctrine of assumption of risk is involved, for the especial reason that the work in course of performance did not indicate inherent danger and, in fact, in itself was not perilous to the surrounding laborers, for no hurt could have resulted from lowering the steamer base if ordinary care had been employed. Injury did ensue, attributable to the negligent manner in permitting the ponderous device to descend, either in giving the order in such a manner as to defeat concert of action by the workmen, or at a time when the plaintiff's posture and situation were such that he could not let loose simultaneously with his fellow-laborers.

Judgment reversed and cause remanded. *Bland, P. J.,* and *Goode, J.,* concur.